# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHIE BLAKENEY and THEODORE BLAKENEY, | ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 14-437 |
| v. | ) ) | Judge Cathy Bissoon |
| FAROS PITTSBURGH, L.L.C., AGPM, L.L.C. and AGPM PENNSYLVANIA, L.L.C., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Defendants' Motion to Dismiss (Doc. 23) will be granted regarding Defendant AGPM, L.L.C., but denied regarding AGPM Pennsylvania, L.L.C.[1]

AGPM Pennsylvania's personal-jurisdiction challenge is founded on its having ceased ownership and operation of the apartment building in which Plaintiff was injured by no later than November 15, 2012. *See, e.g.*, AGPM Pa.'s Br. (Doc. 24) at 5. Plaintiff was injured on January 4, 2013, *i.e.*, less than two months later.

Defendant posits that, because it ceased ties with Pennsylvania less than two month before the accident, there can be no personal jurisdiction. Defendant cites no legal authority in support of this proposition, and, unsurprising, it is contrary to the law. *See, e.g.*, Totilo v. Herbert, 538 F. Supp.2d 638, 640 (S.D.N.Y. Mar. 5, 2008) (even though defendants no longer resided in forum, Due Process clause "plainly would not be offended by subjecting [them] to *in personam* jurisdiction in the state in which they allegedly ran [operations] and committed the wrongs alleged in [the] complaint"); *cf. also generally* GM Corp. v. Ignacio Lopez de Arriortua,

---

[1] Plaintiffs concede that personal jurisdiction is lacking over Defendant AGPM, L.L.C. *See* Pls.' Br. (Doc. 30) at 1. Thus, Defendants' Motion to Dismiss is granted to this limited extent.

948 F. Supp. 656, 667 (E.D. Mich. Nov. 26, 1996) ("the purpose of the law on personal jurisdiction and due process is to ensure that a court's exercise of jurisdiction over an individual comports with traditional notions of fair play and substantial justice, . . . not to permit a wrongdoer[s] to flee from a court's adjudication of [their] wrongs") (citing and quoting *International Shoe*).

As to Defendant's remaining arguments regarding duty,[2] these are particularly ill-suited for resolution under Rule 12(b)(6). Plaintiffs' allegations against Faros, on one hand, and AGPM Pennsylvania, on the other, are both straightforward and typical: one of these Defendants, it matters not to Plaintiff, negligently maintained the air conditioning unit whose cover landed on her head. *See generally* Am. Compl. (Doc. 14). Most likely, these Defendants' theories will include the pointing of fingers at one another, and it would be both unprecedented and contrary to the interests of justice to hamstring Plaintiffs by releasing one of the potential tortfeasors at this stage. Defendant's arguments regarding duty, therefore, are denied without prejudice to renewal on summary judgment.[3]

For all of these reasons, Defendants' Motion to Dismiss (**Doc. 23**) is **GRANTED** regarding AGPM, L.L.C., but otherwise **DENIED**.

IT IS SO ORDERED.

May 26, 2015                         s\Cathy Bissoon
                                                                        Cathy Bissoon
                                                                        United States District Judge

---

[2] *See* AGPM Pa.'s Br. (Doc. 24) at 5-9.
[3] The Court questions whether, even then, such arguments properly may dispose of this case, unless, of course, no disputes of material fact remain regarding which of the Defendants was responsible for maintaining the air conditioning unit and/or whose acts or omissions proximately caused Plaintiff's injuries.

cc (via ECF email notification):

All Counsel of Record