IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHIE BLAKENEY AND THEODORE BLAKENEY, <br><br> Plaintiffs, <br><br> v. <br><br> FAROS PITTSBURGH, LLC, AGPM, PENNSYLVANIA, L.L.C., AND AGPM, L.L.C. <br><br> Defendants. | Civil Action No. 14-437 <br> Hon. Cathy Bissoon <br> Hon. Nora Barry Fischer |

## MEMORANDUM ORDER

### I. BACKGROUND AND PROCEDURAL HISTORY

Presently pending before the undersigned is Plaintiffs' Motion for Sanctions, filed on April 6, 2015. (Docket No. 37). By way of background, this case was initially filed by Chie and Theodore Blakeney ("Plaintiffs") against only Faros Pittsburgh, LLC ("Faros"), on April 4, 2015, alleging claims of personal injury and loss of consortium for an incident that occurred in a property owned by Faros.[1] (Docket No. 1). On July 24, 2014, Plaintiffs and Faros submitted a Stipulation Selecting ADR, agreeing to proceed to Early Neutral Evaluation ("ENE"). The next day, they were referred to ENE before Retired Judge Gary P. Caruso ("Judge Caruso"), pursuant to the Western District's Mandatory ADR Program. (Docket Nos. 10, 11). On November 17, 2014, Plaintiffs moved to amend their Complaint to add AGPM Pennsylvania, LLC ("AGPM PA") and AGPM, LLC ("AGPM") (collectively "the AGPM Defendants"), as those entities previously owned the property at issue. (Docket No. 13). The next day, the Hon. Cathy Bissoon

---

[1] Generally, Plaintiffs allege that, due to negligent maintenance, a panel from an air conditioning unit in their apartment fell and struck Chie Blakeney's head, causing her to suffer a concussion and other injuries. (Docket Nos. 1 at ¶ 9, 14 at ¶ 12).

1

granted the Motion to Amend, (Text Order of Nov. 18, 2014), and Plaintiffs filed their Amended Complaint on November 20, 2015, (Docket No. 14).

On December 29, 2014, Plaintiffs and Faros jointly moved to amend the Case Management Order, requesting an extension of time to complete ADR, owing to the addition of the AGPM Defendants and the inability to take Plaintiffs' depositions before the previously scheduled deadline.[2] (Docket No. 22). Judge Bissoon granted that motion by text order, extending the deadline to complete ADR to March 20, 2015. (Text Order of Dec. 30, 2014). This Order made no mention of requiring the AGPM Defendants to participate in the ENE. Then, on January 9, 2015, the AGPM Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). (Docket No. 23).

As the ENE was set to occur prior to Judge Bissoon's disposition of the AGPM Defendants' Motion to Dismiss,[3] on March 4, 2015, the AGPM Defendants' Counsel, Donald H. Smith, Esq. ("Mr. Smith"), circulated a proposed agreement (the "Waiver Letter"), stipulating that his attendance at the ENE would not serve to waive his clients' rights and defenses, specifically referencing the pending Motion. (Docket Nos. 40-1, 40-2). On March 5, 2015, Counsel for Plaintiffs and Faros both signed the Waiver Letter.[4] (*Id.*). Prior to the ENE session, Mr. Smith also sent an email to Plaintiffs' Counsel, Counsel for Faros, and Judge Caruso, advising that, due to the pending Motion to Dismiss, he intended not to file a Statement in

---

[2] Plaintiffs were deposed in Pittsburgh on February 19 and 20, 2015. (*See, e.g.*, Docket No. 2 at ¶ 3). Further, Plaintiff Chie Blakeney underwent an independent medical examination in relation to her complained of injuries on February 20, 2015. (*Id.*).
[3] On January 29, 2015, Plaintiffs responded to the AGPM Defendants' Motion to Dismiss. (Docket No. 30). Plaintiffs did not oppose the Motion as to AGPM. (*Id.* at 1). Accordingly, AGPM PA is the only relevant AGPM Defendant from that point forward, as Plaintiffs conceded the Court lacked jurisdiction over AGPM.
[4] The agreement states "I, [Counsel's name], agree that *counsel* for AGPM, LLC and AGPM Pennsylvania, LLC's attendance at the Early Neutral Evaluation conducted by Judge Caruso on Friday, March 20, 2015 does not constitute a waiver of any rights or defenses appertaining to the said AGPM entities and will not be later raised as such a waiver by [party]". (Docket Nos. 40-1, 40-2 (emphasis added)).

Anticipation of Early Neutral Evaluation, as would normally be required. (Docket No. 40-4); *see also Vay v. Huston*, No. 14-769, 2015 WL 791430, at *5 (W.D. Pa. Feb. 25, 2015) (sanctioning a party for, *inter alia*, failing to provide an ENE Position Statement). No responses or objections were made to this email.

That afternoon, Plaintiffs moved to be excused from personal attendance at the ENE session. (Docket No. 33). In support of same, Plaintiffs averred that, subsequent to the filing of this lawsuit, they moved from Pittsburgh, PA to Honolulu, Hawaii, in order to be closer to Mrs. Blakeney's family, in Japan. (*Id.* at ¶ 2). They argued that, since the Plaintiffs had come to Pittsburgh the prior month for depositions, it would be unduly burdensome, in expenditure of both time and money, to travel back to Pittsburgh for the ENE. (*Id.* at ¶ 4). Plaintiffs filed this Motion prior to knowing whether Defendants consented to it and, seemingly, without consultation with the Neutral, Judge Caruso. (*Id.* at ¶ 8). The day after it was filed, Judge Bissoon denied that Motion. (Text Entry of March 6, 2015).

The ENE session in this matter took place on March 20, 2015.[5] (Docket No. 36). The following people were in attendance in person: Chie and Theodore Blakeney; Jason Shipp, Esq., the Blakeneys' attorney; a claims representative of Faros; Cathy Gordon, Esq., Faros' attorney; and Donald Smith, Esq., AGPM PA's attorney.[6] All agreed that the Neutral provided his assessment of the case. Of note, AGPM PA paid its share of the ENE cost, although it did not actively participate in the session.

On April 6, 2015, Plaintiffs filed the pending Motion for Sanctions, alleging that AGPM PA violated Section 2.7(A)(3) of the Local ADR Policies and Procedures (hereinafter "ADR P&P") by not having a corporate representative with full settlement authority present at the ENE.

---

[5] At the June 9, 2015 Hearing, counsel represented that no pre-ADR teleconference with the Neutral was held.
[6] During the April 27, 2015 oral argument, Mr. Smith advised that AGPM PA's insurance carrier has denied coverage for the Blakeney's claim. As such, no claims adjuster appeared or would have appeared.

(Docket No. 37). Pursuant to ADR P&P § 2.4, Judge Bissoon elected to have the Motion for Sanctions be randomly reassigned to another judge on the Court's Case Management and ADR Committee. Accordingly, on April 8, 2015, the Motion was reassigned to the undersigned. (Text Entry of April 6, 2015). Faros has taken no position as to this Motion, and certainly has not made any allegations of bad faith.

On April 27, the Court held a Hearing and Oral Argument[7] on Plaintiffs' Motion, and ordered that any ruling on same would be held in abeyance, pending Judge Bissoon's resolution of the Motion to Dismiss. (Docket Nos. 45, 46). Subsequently, Judge Bisson partially granted Defendants' Motion to Dismiss, dismissing, with prejudice, the Plaintiffs' Amended Complaint as to AGPM, but denying the Motion, without prejudice, as to AGPM PA. (Docket No. 47). Then, on June 9, 2015, the Court reconvened the Hearing[8] on the Motion for Sanctions. (Docket No. 50). Following same, the parties met with the Court's ADR Coordinator, Karen Engro, Esq., in an attempt to reach a resolution as to the Motion without further Court action. (*Id.*). The next day, the Court was informed via email correspondence that no resolution was reached. Accordingly, the Motion is ripe for disposition.

II.     **LEGAL STANDARD**

The law controlling the resolution of this motion is the ADR P&P and case law interpreting same. "Each party must attend the selected ADR session unless excused under paragraph D below." ADR P&P § 2.7(A). "A party other than a natural person (e.g., a corporation or an association) satisfies this attendance requirement if represented by a decision maker(s) (other than outside counsel) what has full settlement authority and who is knowledgeable about the facts of the case." *Id.* at § 2.7(A)(1). "No later than 10 calendar days

---

[7] Despite the opportunity to do so, no party presented testimony or documentary evidence at this Hearing. (Docket No. 45)
[8] The parties again did not present testimony or documentary evidence at the continued Hearing. (Docket No. 50).

4

before the ENE, each party must submit directly to the evaluator, and must serve on all other parties, a written statement." *Id.* at § 4.5(a).

"This Court must determine if sanctions should be imposed upon [AGPM PA] for failing to participate in the [ENE] in good faith." *Vay v. Huston*, 2015 WL 791430, at *2. "[T]he burden of proof in persuasion rests on the party moving for sanctions." *TEGG Corp. v. Beckstrom Elec. Co.*, Civ. No. 08-435, 2008 WL 5216169, at *3 (W.D. Pa. Dec. 10, 2008).

### III.　ANALYSIS

The basic assertion in Plaintiffs' Motion is that, because AGPM PA was not represented by anyone other than outside counsel at the ENE session, it violated ADR P&P § 2.7(A)(1). (Docket No. 37 at ¶ 5). According to Plaintiffs, this "failure to be represented by a decision maker resulted in an ENE that was hamstrung from the outset because of AGPM's willful non-participation." (*Id.* at ¶9).

Defendant responds that, while it generally agrees that Plaintiffs' representation of the factual background is correct, the ADR P&P "must be interpreted so as not to cause absurd results." (Docket No. 40 at ¶ 2). It continues that, because the Motion to Dismiss had not been ruled upon before ENE, "it would not even be reasonable to expect a representative of AGPM to *personally* take part in an activity held in the disputed forum which necessarily involves examining, discussing, arguing–that is, litigating–the substantive underlying merits of the case," as "such an appearance could well waive a personal-jurisdiction defense under the applicable case law." (*Id.* at ¶ 3) (emphasis in original). AGPM PA further argues that it would also not have been "reasonable or necessary . . . to request to be excused from such a proceeding, as doing so could be construed as a tacit admission that the Court has jurisdiction over it." (*Id.* at n.1).

5

Additionally, Defendant argues that Plaintiffs were twice put on notice of Defendant's intention to not actively participate in the ENE. (*Id.* at ¶¶ 4, 9). First, by their receipt and execution of the Waiver Letter, (*Id.* at ¶4), and second by receipt of the previously-mentioned email Mr. Smith sent to Judge Caruso stating that it would not file an ENE statement due to the procedural posture of the case, (Docket No. 40-4). As Plaintiffs affirmatively agreed to the former and did not object to the latter, Defendant seems to argue that Plaintiffs waived their ability to challenge Defendant's conduct and/or suffered no prejudice.

Courts in this District have held that failing to file an ENE statement and failing to have appropriate representatives at an ENE session may be cause for imposition of sanctions on a finding of bad faith. S*ee Vay*, 2015 WL 791430 (sanctioning party for failing to prepare an ENE position statement); *cf. DiCanio v. Norfolk S. Ry. Co.*, Civ. No. 14-1273 ECF No. 35 (sanctioning party for failing to notify of change of corporate representative). However, these cases are inapposite. Here, there is no explicit Order from Judge Bissoon sending the AGPM Defendants to ADR. Rather, the ADR Referral Order was entered <u>prior</u> to the AGPM Defendants being added to the case. (*Compare* Text Order of July 24, 2014 *with* Docket No. 14). Further, the only amendment to this order sought by the then parties requested additional time; it did not seek a requirement that the AGPM Defendants participate. (Docket No. 22).

It is also telling that Judge Caruso's invitation to the ENE was addressed only to Plaintiffs and Faros.[9] (Docket No. 40-3). It should not have surprised Plaintiffs and their counsel that the party representatives of the AGPM Defendants would not participate in an ENE to which they were neither ordered by the presiding judge nor invited by the Neutral. Further, Plaintiffs were put on notice that Defendants planned not to comply with ENE requirements by

---

[9] Additionally, it is noteworthy that the Judge Caruso's Report of Early Neutral Evaluation listed Faros as the only defendant. (Docket No. 36).

6

not submitting a position statement. (Docket No. 40-4).

Additionally, Plaintiffs obviously knew of Defendants' Motion, as they responded to it, (Docket No. 30), and it was repeatedly referenced prior to ENE, (Docket Nos. 39-1, 39-2, 40-4). It would be unjust for the Court to punish a party for failing to abandon a defense under Rule 12(b)(2) before it is adjudicated, by sanctioning it for non-compliance with an ADR Referral Order entered before that party was even found to be properly named in the case.

As noted by the undersigned at Oral Argument, it clearly would have been prudent for Plaintiffs and Faros to have requested a postponement of ADR pending resolution of the AGPM Defendants' Motion to Dismiss, especially given the costs for Plaintiffs to travel to Pittsburgh to participate.[10] While Plaintiffs sought leave to be excused from in-person attendance at the ENE session, their Motion did not reference the then pending Motion to Dismiss. (Docket No. 33). Nor did the Motion propose the possibility of attendance via video conference or that video depositions had already been taken and could be used in the ENE session in lieu of Plaintiffs' personal attendance.[11] (*Id.*). Further, Plaintiffs could have sought clarification or reconsideration from Judge Bissoon when it became clear to them, by way of Mr. Smith's emails to Judge Caruso, that the AGPM Defendants would not be following the prescribed rules for ENE due to their pending Motion to Dismiss. (Docket No. 40-4).

In this Court's estimation, it is incumbent on the parties to put before a judge what they think they need before engaging in an ADR session (*e.g.,* documents, depositions of the parties, independent medical examinations, disposition of a pending motion, etc.). In this case, the

---

[10] The AGPM Defendants claim that such a request from them may have waived their jurisdictional argument. As that issue is not before it, the Court refuses to decide whether such an action would, in fact, constitute waiver.

[11] The Motion does indicate that Plaintiffs had been deposed and the Mrs. Blakeney underwent an independent medical examination, but the inclusion of this information appears to be more relevant to Plaintiffs' contention that it would be unduly costly/burdensome to appear in person, not that adequate alternative sources of information existed at the time. (Docket No. 33).

parties ordered to participate in the ENE session were made aware of the decision of the AGPM Defendants to not fully participate at least one week prior to same. (Docket No. 40-4). Plaintiffs did not object to this, nor did they request reconsideration of Judge Bissoon's decision denying their motion to be excused from personal appearance at the ENE on the grounds that new facts were available (*i.e.*, the AGPM Defendants' stated intention not to fully participate).[12] It also would have been prudent for the parties to have engaged in a pre-ADR teleconference with the Neutral, to ensure that all counsel, parties, and the Neutral understood the parameters of the ENE. Had such a call occurred, perhaps it would have prevented the instant Motion for Sanctions and attendant proceedings.

Finally, all parties received the benefit of Judge Caruso's evaluation. Although Plaintiffs allege that the ENE session "was hamstrung from the outset because of [AGPM PA's] willful nonparticipation," (Docket No. 37 at ¶ 9), AGPM PA argues that, since its Motion to Dismiss was still pending, this argument "is a non sequitur," (Docket No. 40 at ¶ 6). Regardless, the Neutral, a seasoned trial judge with years of experience in the personal injury realm, had full participation of the parties ordered and invited to attend the ENE session (the Blakeneys and Faros), and was able to provide an evaluation of Plaintiffs' claim against Faros. Additionally, AGPM PA benefitted through its attorney's presence at the ENE session based on his ability to observe the Plaintiffs in that setting and by hearing the Neutral's evaluation of the case. As noted, AGPM PA paid a share of the ENE fee, despite not being ordered to participate.

Plaintiffs chose to bring their lawsuit here and then move to Hawaii for personal reasons, which the Court does not fault. When they moved, Plaintiffs should have anticipated that their

---

[12] For example, recently, in *Wallace v. Eaton Corp.*, Civ. No. 15-216, the defendant became aware that the plaintiff's demand was "not calculated to lead to constructive discussion, or to resolution at mediation," and requested the ADR referral order be amended to instead refer the parties to ENE. (Civ. No. 15-216 at Docket No. 14). There, the undersigned convened a status conference and entered an order so amending the ADR referral. (Civ. No. 15-216 at Docket No. 16).

presence would be required in Pittsburgh at various points throughout the span of this litigation. For example, the undersigned requires in person attendance of all parties at case management conferences, pretrial conferences, and throughout the entirety of trial.

Given all the facts and circumstances, the Court finds no bad faith in AGPM PA's actions. As such, the Court will not require the AGPM PA to pay any part of Plaintiffs' expenses related to the ENE session.

### IV. CONCLUSION

IT IS HEREBY ORDERED that, for the foregoing reasons, Plaintiffs' Motion for Sanctions, (Docket No. [37]), is DENIED.


                                                      *s/Nora Barry Fischer*
                                                      Nora Barry Fischer
                                                      United States District Judge

Date: July 9, 2015
cc/ecf: All counsel of record