IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHIE BLAKENEY and THEODORE BLAKENEY, | ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 14-437 |
| v. | ) ) | Judge Cathy Bissoon |
| FAROS PITTSBURGH, L.L.C., *et al.*, | ) ) | |
| Defendants. | ) | |

## ORDER

In light of the "Joint Notice of Settlement of Claims" signed by counsel for Plaintiffs and Faros (Doc. 105), Faros's Motion for Summary Judgment (Doc. 93) will be denied as moot. In addition, the AGPM-Defendants' ("AGPM's") Motion for Summary Judgment (Doc. 95) will be denied on the merits. AGPM's assertion that summary judgment is warranted regarding breach-of-duty is incorrect. Plaintiffs have identified evidence indicating that: problems arose with the "cams" used by AGPM in installing HVAC panels in the apartment building; several HVAC panels fell between March 2011 and November 2012; AGPM was aware of this recurring problem; and that, in addition to any potential preexisting-structural integrity issues, Plaintiffs' HVAC unit would have been accessed twice-annually for filter changes. *See* Pls.' Stmts. of Fact (Doc. 101) at ¶¶ 12-46 (citing record evidence). The Court disagrees with AGPM's "remoteness" arguments, which are for a jury to decide, and issues of material fact remain regarding the timing of maintenance-visit(s) specifically recalled by Mr. Blakeney (even assuming, which the Court does not, that such testimony is necessary to a finding of negligence).

Finally, the Court concludes, and therefore holds, that the doctrine of *res ipsa loquitur* is unnecessary to Plaintiffs' surviving summary judgment. Plaintiffs' showings, if accepted by

the jury, may be viewed as "direct" evidence of negligence. D'Ardenne v. Strawbridge & Clothier, Inc., 712 A.2d 318, 321 (Pa. Super. 1998) (*res ipsa loquitur* is implicated when "there is no direct evidence" of a negligent cause of injury) (citation to quoted source omitted); *see also, e.g.*, Schoenenberger v. Hayman, 465 A.2d 1335, 1339 (Pa. Commw. 1983) (affirming verdict against tortfeasor and holding that, "had the [factfinder] not relied upon *res ipsa loquitur*, there [also] was direct evidence . . . upon which negligence could be found"). To be clear, moreover, Plaintiffs may well be permitted to pursue both theories simultaneously. D'Ardenne, 712 A.2d at 324 (explaining, under analogous circumstances, that denying a right to proceed in-the-alternative might "penalize[]" the plaintiff for "making as specific a case of negligence as possible," a result inconsistent with "[s]trong" policy considerations) (citation to quoted sources omitted).[1]

For all of these reasons, Defendant-Faros's Motion for Summary Judgment (**Doc. 93**) is **DENIED AS MOOT**,[2] and the AGPM-Defendants' Motion for Summary Judgment (**Doc. 95**) is **DENIED**. An order setting expert-discovery and trial deadlines now will issue.

IT IS SO ORDERED.

December 2, 2016　　　　　　　　　　　　　　　　s\Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　　　　　Cathy Bissoon
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] To the extent that AGPM's decision to file a dispositive motion was not strategically-based, the Court offers, from a neutral and objective perspective, the following. Denial of summary judgment was not a close question, and the AGPM Defendants should disabuse themselves of the notion that Plaintiffs' liability-related positions are ill-founded.

[2] Absent a contrary agreement by all parties, Faros's settlement with Plaintiffs will not excuse its participation at trial. *See generally* 7 Standard Pa. Practice 2d § 39:32 (updated Sept. 2016) ("[a] discontinuance does not affect the right of [a] defendant to proceed with a . . . cross-claim . . . against another defendant already filed in the action").

cc (via ECF email notification):

All Counsel of Record